09-0793-cv
Benjamin v. Schriro

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand and ten.

PRESENT:   BARRINGTON D. PARKER,
           PETER W. HALL,
           GERARD E. LYNCH,
                           *Circuit Judges.*

----------------------------------------------------------------------x
JAMES BENJAMIN, et al.,

                           *Plaintiffs-Appellees*,

        -v.-                                           No. 09-0793-cv

DORA B. SCHRIRO [1], et al.,

                           *Defendants-Appellants*.
----------------------------------------------------------------------x


Appearing for the Appellants:      JULIAN L. KALKSTEIN (Larry A. Sonnenshein, Chlarens Orsland, *on the brief*), Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appearing for the Appellees:       STEVEN BANKS (John Boston, Dale A. Wilker, Veronica Vela, *on the brief*), The Legal Aid Society, New York, New York.

_____

[1] Pursuant to Federal Rules of Appellate Procedure 43(c)(2), Commissioner of Correction Dr. Dora B. Schriro is automatically substituted for former Commissioner of Correction Martin Horn as appellee in this case.

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, *J.*). **UPON DUE CONSIDERATION** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The New York City Department of Correction, the City of New York, and various City officials named as defendants (collectively, the "Department") appeal from an order directing the Department to comply with an earlier order of that court, entered April 26, 2001 (the "2001 Order"), by enacting a catalogue of reforms in the evaluation, repair, maintenance, and monitoring of ventilation systems in New York City jails. Appellants assert that they were already complying with the 2001 Order, and that the district court's subsequent order violates the need-narrowness-intrusiveness requirement of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3236(b)(2). The Department argues that assuming *arguendo* a subsequent order is appropriate, the district court's wholesale adoption and imposition of a comprehensive plan the Department itself proposed violates the PLRA's requirement of tightly-conscripted remedies. We assume the parties' familiarity with the facts and procedural history of the case.

The PLRA mandates that remedies imposed by courts to alleviate constitutional violations within jails "extend no further than necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). To issue prospective relief under the PLRA, a federal court must make a written finding that the relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id*. Although the need-narrowness-intrusiveness requirement for prospective relief "might at first glance seem to equate permissible remedies with constitutional minimums, a remedy may require more than the bare minimum the Constitution

2

would permit and yet still be necessary and narrowly drawn to correct the violation." *Benjamin v. Fraser,* 343 F.3d 35, 54 (2d Cir. 2003), (*overruled on other grounds by Caiozzo v. Koreman,* 581 F.3d 63, 70 (2d Cir. 2009)). Over-inclusive remedies are permissible when they provide practicable "means of effectuati[on]." *Handberry v. Thompson,* 446 F.3d 335, 346 (2d Cir. 2006) (quoting *Benjamin,* 343 F.3d at 54 (alteration in original)). In an instance where the Department argued that a court order was over-broad in instructing that all prison windows designed to be opened must be operational, we found that while the Constitution would certainly permit one or two broken windows in a prison, the impracticability of the court checking each and every window rendered comprehensive repairs "a necessary and narrowly drawn means of effectuating relief." *Benjamin,* 343 F.3d at 54.

Since the 2001 Order was entered, the record shows a troubling pattern of non-compliance and misrepresentations on the part of the Department. The Department certified to the district court that its facilities were in substantial compliance with the requirements of the 2001 Order in letters sent to Judge Baer in the springs of 2004 and 2005. In September 2005, Lawless & Mangione, LLP ("L&M"), an architect and engineering firm hired by the Office of Compliance Consultants ("OCC")[2] to investigate and report on the Department's compliance with the 2001 Order, published a finding that ventilation and cooling systems in a sample-set of Department prisons failed to comply with the 2001 Order and that, *inter alia,* "[s]ignifigant upgrades" were necessary for the facilities to satisfy constitutional requirements. In a letter sent to Judge Baer in spring 2006 the Department represented that the majority of its facilities were in

---

[2] The OCC was appointed by the district court to oversee the Department's compliance with the 2001 Order. *See Benjamin,* 343 F.3d at 39.

compliance with the 2001 Order, but that it was in the process of hiring a ventilation consultant to remedy some of the issues highlighted by the September 2005 report of L&M. L&M published a second, more comprehensive, report (the "L&M Report") in September 2006, which found substantial shortcomings and deficiencies throughout the Department's facilities and identified a litany of mechanical, structural and electrical upgrades necessary to bring the facilities into compliance with the 2001 Order. Appellees wrote to Judge Baer requesting that the Department explain their failure to disclose the deficiencies in its 2006 certification, alleging that the Department's certifications to date "appear to be substantially false," and pleading for a plan to "ensure the accuracy of all future certifications." Writing to the parties on October 23, 2006, Judge Baer stated that "[he] too should like some answers."

The Department hired its own ventilation consultant, Daghler Engineering ("Daghler"), which published a study of the Department facilities ("Daghler Study") in February 2007, confirming the findings of the L&M Report. Based upon the findings of the Daghler study, as well as those of the L&M Report, the Department crafted a comprehensive remediation plan (the "Department Plan"), and presented it to the district court and the plaintiffs in September 2007. Reviewing the plan in May 2008, L&M concluded that the Department Plan was "very comprehensive" and designed "to encompass all the requirements of [the L&M Report]," but it warned that the plan was dangerously self-certifying considering that "the same individuals who are responsible for implementing the plan are also evaluating whether the implemented measures are actually working." Two months later appellees moved for the district court to embody the Department Plan in an order.

4

On February 11, 2009, Judge Baer, citing the 2001 Order and recognizing that "more than seven years later many parts of the jails' ventilation systems are not in working order and/or require repair or replacement, leaving constitutional violations uncorrected," ordered that the Department implement the reforms embodied in the Department Plan and that an independent monitor be appointed to insure that the Department Plan was not self-certifying (the "2009 Order"). [3]

"Reviewing the questions of law *de novo*, the questions of fact for clear error, and the matters of discretion for abuse of discretion," we affirm the order of the district court. *Benjamin v. Fraser,* 264 F.3d 175, 184 (2d Cir. 2001) (internal citation omitted). The district court did not abuse its discretion in issuing a supplementary order to the 2001 Order. The needs-narrowness-intrusiveness requirement of the PLRA notwithstanding, we find that nearly a half-decade of untruthfulness, non-compliance and inaction constitutes sufficient justification for the intrusiveness of a subsequent order to compel compliance with an original order entered pursuant to the PLRA that has been ignored.

The Department claims, in the alternative, that the requirements of the order are broader than necessary to achieve constitutionally adequate ventilation in Department facilities and to bring the Department into compliance with the 2001 Order. Whether or not we agree, "[a] remedy may be deemed to be properly drawn if it provides a practicable 'means of effectuat[ion]' even if such relief is over-inclusive." *Handberry,* 446 F.3d at 346 (quoting

---

[3] In addition to the reforms outlined in the Department Plan, the 2009 Order also includes some minor amendments suggested by appellees. The Department not has raised any significant objection to these individual amendments that is severable from its objection to the imposition of the Department Plan as a whole.

*Benjamin,* 343 F.3d at 54). The plan to which the Department objects is essentially the very plan that *the Department itself* proposed. *Cf. Lewis v. Casey,* 518 U.S. 343, 362 (1996) ("[R]ecognizing that determining the appropriate relief to be ordered . . . presents a difficult problem, the court charged the Department of Correction with the task of devising a Constitutionally sound program to assure inmate access to the courts."(quotation marks omitted)). The Department Plan necessarily must provide a practicable means of effectuating its objectives, otherwise, it stands to reason, the Department Plan would not have been proffered to Judge Baer and the appellees in the first instance. *Cf., Dean v. Coughlin,* 804 F.2d 207, 215 (2d Cir. 1986) ("[I]t was an abuse of discretion for the district court not to use the State's carefully and conscientiously formulated remedial plan as the basis for relief, with such modifications as might appear essential to assure compliance with minimum constitutional requirements."). Accordingly, while the Department Plan might be more narrowly drawn and still remedy constitutional ventilation failures in Department facilities, incorporating the plan as a whole and ensuring oversight of the implementation of that plan is a remedy that puts in place a practicable 'means of effectuation' -- the lack of which, for many years has resulted in ongoing and unremedied constitutional violations in City jails. *See, e.g., Benjamin,* 343 F.3d at 53-54 ("[I]t is ironic that the City . . . invokes the PLRA, . . . intended in part to prevent judicial micro-management . . .. Given the impracticability of the court examining each window, ordering comprehensive repairs was a . . . narrowly drawn means of effectuating relief - even though the Constitution would certainly permit a broken window or two.").

The Department also argues that the district court erred in failing to cite any "specific, fact-based findings supporting the need for an additional order." Def. Rep. Br. at 6. This is a

6

fanciful claim considering that (i) the 2009 Order states explicitly that "more than seven years later many parts of the jails' ventilation systems are not in working order," and (ii) the 2009 Order is modeled upon the Department Plan -- a document which we view as an outright admission by the Department that it has been substantially unable to comply with the 2001 Order. *See* Special Appx. at 223 ("The goal of the ventilation plan is to have all ventilation systems in the agency repaired and in working condition within an estimated three year time frame . . ..").

We have considered the remainder of the Department's arguments and found them to be without merit. For the foregoing reasons the order of the district court is AFFIRMED.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7